IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATALIE A. MATHER,<br><br>Plaintiff,<br><br>vs.<br><br>SHELLY GLOEGE,<br><br>Defendant. | CV 20-00030-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Natalie Mather filed a motion to proceed in forma pauperis (Doc. 1) and a proposed Complaint for Declaratory Judgement and Injunctive Relief (Doc. 2). Mather contends Defendant violated the equal protection clause of the Fourteenth Amendment to the United States Constitution when a copy of Mather's complaint against a realtor was given to the realtor, but Mather was not provided a copy of the realtor's response.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Mather's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

**II. SCREENING PURSUANT TO 28 U.S.C. § 1915**

   **A. Standard**

Because Mather is proceeding in forma pauperis, the Court must review the

1

Complaint under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); cf. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B.  Analysis**

Mather alleges she filed a complaint with the Montana Department of Labor and Industry, business standards division, compliance unit against a licensed Montana real estate agent, Jennifer Plute.  Defendant Shelly Gloege was assigned as the compliance specialist in charge of the complaint.  Gloege sent a copy of the complaint to Plute and Plute filed a response to the complaint with Defendant

Gloege. Mather requested a copy of the response and Defendant Gloege denied Mather a copy of Plute's written response. Mather contends that the Department of Labor and Industry's policy provides that a copy of an official complaint is sent to the realtor at issue to file a response thereto but that the complaining party is not entitled to a copy of the response pursuant to inner-departmental policy. (Complaint, Doc. 2 at 5-6.) Mather contends that this violates the equal protection clause of the Fourteenth Amendment.

The equal protection clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). To state a claim, plaintiffs must show that defendants intentionally discriminated against them based on their membership in a protected class, *Hartmann*, 707 F.3d at 1123, *Furnace*, 705 F.3d at 1030, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02 (2008), *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008), *North Pacifica LLC v.*

*City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Mather has made no allegations that Gloege treated Mather differently from other similarly situated people. To the contrary, she maintains that it is the department's policy to not provide any individual filing a complaint with a copy of the response to the complaint. Mather has also not alleged any facts evidencing discriminatory intent. Consequently, Mather's allegations fail to state a claim upon which relief can be granted.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mather's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED." The Complaint is deemed filed on April 10, 2020.

2. At all times during the pendency of this action, Mather must immediately advise the Court of any change of address and its effective date. Mather filed a notice of change of address in another case she has pending in this District. Accordingly, the Clerk of Court is directed to serve a copy of this Order on Mather at her address of record and at General Delivery, U.S. Post Office, Three Forks, MT 59752. Mather is advised that a failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mather may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mather is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.

Circuit Court of Appeals.  Mather should not file a notice of appeal pursuant to Fed.R.App.P. 4(a) until entry of the District Court's final judgment.

DATED this 6th day of August, 2020.

                                       */s/ John Johnston*
                                       John Johnston
                                       United States Magistrate Judge