IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATALIE A. MATHER, | CV 20–30–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| SHELLY GLOEGE, | |
| Defendant. | |

On August 6, 2020, United States Magistrate Judge John Johnston entered

an Order and Findings and Recommendations recommending that Plaintiff Natalie

A. Mather's equal protection claim be dismissed for failure to state a claim.  (Doc.

5.)  Mather does not object.  A party is only entitled to de novo review of those

findings to which she specifically objects.  28 U.S.C. § 636(b)(1)(C).  This Court

reviews for clear error those findings to which no party objects.  *United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140,

149 (1985).  Clear error exists if the Court is left with a "definite and firm

conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d

422, 427 (9th Cir. 2000) (citations omitted).

There is no clear error in Judge Johnston's determination that Mather's

Complaint fails to state an equal protection claim.  Mather asserts her Fourteenth

Amendment right to equal protection was violated when the Montana Department

of Labor and Industry provided a copy of her complaint against a licensed Montana

real estate agent to the realtor but, per the department's policy, did not provide her

with a copy with the realtor's response.  (Doc. 2 at 5–6.)  Judge Johnston correctly

determined that this claim does not allege a garden-variety equal protection

challenge because Mather has not demonstrated her participation in a protected

class.  *See Regents of Univ. of California v. Bakke,* 438 U.S. 265, 290–91 (1978)

(treating race as a suspect classification); *Craig v. Boren,* 429 U.S. 190, 197 (1976)

(treating gender as a quasi-suspect classification).  Nor does she adequately allege

a class-of-one equal protection challenge as Mather does not allege that she and the

realtor are similarly situated, nor does she allege the Montana Department of Labor

acted with discriminatory intent.  *See Village of Willowbrook v. Olech*, 528 U.S.

562, 564 (2000); *see also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th

Cir. 2008).

Accordingly,

    IT IS ORDERED that Judge Johnston's Findings and Recommendations

(Doc. 5) is ADOPTED in full.

1.  This matter is DISMISSED for failure to state a claim.

2.  The Clerk of Court is directed to close this matter and enter judgment
    pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court is directed to have the docket reflect that the Court
    certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate
    Procedure that any appeal of this decision would not be taken in good

faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 1st day of September, 2020.


Dana L. Christensen, District Judge
United States District Court